

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:
                    Opinion No. O-2346
                    Re: Eligibility of trustee of
                        French Independent School
                        District.

        In your letter of May 11, 1940, you request our
opinion as to whether a certain trustee of the French Inde-
pendent School District is eligible to continue service in
that capacity, he having been elected, taken the oath and
assumed to serve. Other questions which you ask need not
be noticed in view of our answer to this one.

        This District was formed by special act of the
Legislature, House Bill No. 7, Chapter No. 22, page 43,
Special Laws, 39th Legislature. Section No. 3 thereof reads:

        "Sec. 3. The management and control
    of the public free schools in said French
    Independent School District as created by
    this Act is subject only to the authority
    and supervision of the State Superintendent
    of Public Instruction and the State Board
    of Education, hereby vested in a board of
    trustees hereby created for the purpose
    and to consist of five persons who shall
    be resident citizens and qualified property
    taxpaying voters in said school district.
    And the board of trustees of said school
    district shall have and exercise and is
    hereby vested with all the rights, powers,
    privileges and duties as are conferred and
    imposed by the General Laws of the State
    of Texas upon trustees and boards of trust-
    ees of independent school districts."

        As we understand your letter, the trustee's father
and mother owned a piece of land in this District at the time

MMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

70

Honorable L. A. Woods, Page 2

of the mother's death some ten years ago. We gather that it was community property. Hence, the trustee inherited an undivided one-fourth interest in the land, there being one other child of the marriage surviving. The father has not lived on the land for many years but it has continued to be listed on the unrendered tax rolls and on other records in the name of the father. It is our understanding, however, that the son still owns the undivided interest inherited from his mother. The trustee occupies the property as his home. All taxes accruing since 1931 on the land are delinquent and there is a suit pending against the father of the trustee for the collection of the same. The trustee has not actually paid any property taxes. While you do not specifically so state, we understand that the trustee has paid his poll tax and is in all things qualified if under the facts as stated above he is a property taxpayer. The question thus presented is whether a man may be a property taxpaying voter until he actually pays taxes on his property. For, as the case is submitted to us, it is undisputed that he owns an undivided interest in land lying within the District.

From the opinion of Judge Hickman in the case of Barron vs. Matthews, 29 S. W. (2d) 451, before the Eastland Court of Civil Appeals, we quote as follows:

"The facts disclose that the voters who were challenged by this proposition actually owned property, subject to taxation, within the district. Their property had been assessed for taxes for the year 1929. They were otherwise qualified voters, and the question of law presented is, were they property tax paying voters under the provision of the Constitution of Texas, art. 7, § 3? * * *

"With commendable frankness appellants concede that various courts of civil appeals have held contrary to their contention as to the meaning of 'property tax paying voters,' but insist that these decisions improperly interpret the language of the Constitution. With this view we cannot agree. The ownership of property subject to taxation renders one liable for the payment of taxes, and the fact of delinquency does not carry with it the penalty of being deprived of a vote at an election for the purpose of taxing the property. This question has been determined, and

we think correctly, in the following cases:
Rhomberg v. McLaren, 2 Tex. Civ. App. 391,
21 S. W. 571; Hillsman v. Faison, 23 Tex.
Civ. App. 398, 57 S. W. 920; Kempen v. Bruns
(Tex. Civ. App.) 195 S. W. 643; Winters v.
Independent School District of Evant (Tex.
Civ. App.) 208 S. W. 574.

"Upon the authority of these cases, and
because we believe they announce a correct
interpretation of the constitutional require-
ment, we overrule proposition No. 2, and hold
that the voters therein named were legally
qualified to vote at the bond election."

The cases cited in the above quotation sustain the
opinion. We quote from Judge Jenkins' opinion in Winters vs.
Independent School District of Evant, 208 S. W. 574, as fol-
lows:

"* * * A taxpaying voter, who is other-
wise qualified, does not mean that his prop-
erty must have been assessed for taxes, but
only that he is liable for the payment of
such taxes. This liability is created by
assessment of taxes by the commissioners'
court. If the owner of property does not
render the same for taxation, it should be
put on the unrendered roll. If this is not
done for any year or series of years, back
taxes may be collected on such unrendered
property for such time as the same is not
barred by limitation."

The term "qualified property taxpaying voter," as
used in Article 7, Section 3, of the Constitution, was under
consideration in the Barron vs. Matthews case, and as the
exact term is used in the Act creating the French Independent
School District and prescribing the qualifications of its trust-
ees, we think the meaning ascribed to it should be the same.

Our answer to your question, therefore, is that so far
as the facts are disclosed the trustee is qualified to continue
service.

APPROVED JUN 7, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*

GRL:RS